UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
R. ALEXANDER ACOSTA, Secretary of Labor,   :
United States Department of Labor,

                                   :

                   Plaintiff,           **COMPLAINT**

                   v.                :

HUDSON VIEW CARE CENTER, INC. d/b/a      Civil Action No. 18-
REGENCY EXTENDED CARE CENTER and   :
MICHAEL MELNICKE, individually,

                                   :

                 Defendants.
-------------------------------------------------------------------

Plaintiff R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor (the "Secretary"), by and through undersigned counsel, brings this action under sections 16 and 17 of the Fair Labor Standard Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act" or "the FLSA"), alleging that Defendants violated sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act, to recover back wages, liquidated damages, and to enjoin acts and practices which violate the provisions of the FLSA, and to obtain other appropriate relief.

Defendants, who operate a residential rehabilitation and nursing home facility in Yonkers, New York, have willfully violated the FLSA by failing to pay their employees the applicable overtime premiums and maintaining inaccurate time records.  From at least April 1, 2014 through April 8, 2017, and likely through the present, Defendants did not pay proper overtime to their employees who typically and regularly worked more than 40 hours per week.

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over this action pursuant to section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

2.      Venue is proper in the United States District Court for the Southern District of New York because a substantial part of the events and/or omissions giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

### The Parties

3.      Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor, is vested with authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages and is the proper plaintiff for this action.

4.      Defendant Hudson View Care Center, Inc. d/b/a Regency Extended Care Center ("Regency Extended Care") is a corporation organized under the laws of the state of New York, having its principal place of business at 65 Ashburton Avenue, Yonkers, New York 10701, within the jurisdiction of this Court, where it was engaged in the business of operating a residential healthcare and nursing home facility.

5.      Defendant Regency Extended Care has regulated the employment of all persons employed by it and acted directly and indirectly in the corporation's interests in relation to its employees, and is thus an employer of its employees within the meaning of Section 3(d) of the Act.

6.      Defendant Michael Melnicke ("Melnicke"), who has maintained a place of business at 65 Ashburton Avenue, Yonkers, New York 10701, within the jurisdiction of this Court, is the owner of Regency Extended Care and has been in active control and management of the corporate defendant at all relevant times.

7.      Defendant Melnicke has regulated the employment of all persons employed by him, and has the authority and does hire and fire employees, supervise and control employee work

2

schedules or conditions of employment, determine the rate and method of payment, and/or maintain employment records. Accordingly, Defendant Melnicke is a person acting directly or indirectly in the interests of the defendant corporation in relation to the employees, and is thus an employer within the meaning of section 3(d) of the Act.

## Defendants Are An Enterprise Engaged in Commerce

8.      The business activities of the Defendants, as described herein, are related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of section 3(r) of the Act.

9.      The enterprise had an annual gross volume of sales made or business done in an amount not less than $500,000 for the period covered by this Complaint.  The enterprise is engaged in the operation of a residential rehabilitation and nursing facility.  Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of sections 3(s)(1)(A) and 3(s)(1)(B) of the Act.

## Defendants' Pay Practices

10.      During the relevant time period from at least April 1, 2014 through at least April 8, 2017, and likely through the present, Defendants employed employees in several job categories at the facility, including Licensed Practical Nurses, Certified Nursing Assistants, Registered Nurses and Housekeeping.

11.      At all relevant times, Defendants paid their non-exempt employees hourly rates ranging from approximately $11.00 per hour to $31.00 per hour.

12.      At all relevant times, Defendants paid their employees their wages by check bearing the signature of Defendant Melnicke.

13.     At all relevant times, many of Defendants' Licensed Practical Nurses, Certified Nursing Assistants and Housekeeping employees worked in excess of 40 hours per week, often between approximately 42 and 70 hours in a workweek, but were not paid for all hours worked, and therefore, were not paid one and one-half their regular rate of pay as prescribed in section 7 of the Act, 29 U.S.C. § 207(a).

14.     At all relevant times, many of Defendant's nursing staff, including Licensed Practical Nurses and Certified Nursing Assistants, were scheduled for eight-hour daily shifts for up to six days per week, and during some of those workweeks, worked two back-to-back eight-hour shifts.

15.     At all relevant times, employees were allowed to take a 30 minute meal break. However, as a result of their duties, employees often had to work through their meal break or otherwise did not have at least 20 minutes of uninterrupted break time during their shifts.

16.     At all relevant times, Defendants' employees recorded their starting and stopping work times on a computerized timekeeping system at Regency Extended Care Center.

17.     At all relevant times, many of Defendants' employees, including Licensed Practical Nurses and Certified Nursing Assistants, routinely began working before the start of their scheduled shifts and/or stopped working after the end of their scheduled shifts, often for up to several additional hours each week, typically as a result of patient duties and/or to finalize patient reports and nursing notes.  Many of Defendants' employees received no additional compensation for these extra hours worked even though Defendants knew they were working these extra hours.

18.     At all relevant times, many of Defendants' employees also routinely worked through their daily meal breaks but received no additional compensation for these extra hours worked even though Defendants knew they were working these extra hours.  Defendants

4

automatically deducted 30 minutes from each eight-hour shift from employees' work hours for meal breaks not actually taken or for meal breaks shorter than 20 minutes in length.

19.     For example, according to Defendants' records, during the workweek of January 8 through 14, 2017, a Licensed Practical Nurse was scheduled to work two eight-hour shifts and three sixteen-hour double shifts for a total of 64 hours in one week.  However, the employee worked an additional 17 to 36 minutes each day in addition to her shift time for an actual total of 66.5 hours of work in one week.  Despite working 66.5 hours that week, Defendants' paid the employee for only 52.5 hours that workweek, which did not include pay for one eight-hour shift, the additional time on the clock, or break time that she was not able to take because of patient duties.

20.     As another example, Defendants' records show that during the workweek of July 10 through 16, 2016, a Certified Nursing Assistant was scheduled to six eight-hour daily shifts for a total of 48 hours in one week.  However, the employee generally worked an additional 32 to 53 minutes most days in addition to her shift time for an actual total of 50.75 hours of work in one week.  Despite working 50.75 hours that week, Defendants paid her for only 44.25 hours, which did not include pay for the additional work time on the clock or break time that she was not able to take because of patient duties.

21.     Further, Defendants improperly misclassified an employee, with the job title "Housekeeping Supervisor," as an exempt employee, and therefore failed to pay him proper overtime for his hours worked over 40 in a workweek.  Defendants did not pay him on a salary basis but rather $18.98 per hour for all hours worked up to 56 hours in a workweek.  The employee did not receive any additional pay if he worked more than 56 hours in a workweek and was not paid overtime for hours worked over 40 hours in a workweek.

5

22.     As a result of these practices, Defendants failed to compensate at least seventy-two (72) former and current employees for work performed in workweeks longer than forty hours at a rate not less than one and one-half times the regular rate at which they were employed.

## Defendants' Record Keeping Practices

23.     Defendants' employees recorded their starting and stopping work times every workday using a computerized time recording system in the facility.

24.     Defendants were required to make, keep and preserve records of the persons employed by them, including, but not limited to, total hours worked each workday and workweek.

25.     During the relevant period, Defendants did not create or maintain time records reflecting all instances when their employees worked through their meal breaks and/or did not take meal breaks at least 20 minutes in length and therefore did not keep accurate records of all hours worked.

## Staffing Agency Employees

26.     Defendants also employed approximately eleven employees as Registered Nurses, Licensed Practical Nurses and Certified Nursing Assistants ("staffing agency employees") at Regency Extended Care through a labor contract with a staffing agency called Exclusive Nurse Staffing, Inc.

27.     Defendants recorded the hours worked by the staffing agency employees on the computerized timekeeping system located at Regency Extended Care Center in the same manner as described in paragraphs 16 and 23.

28.     Defendants supervised the work of the staffing agency employees on-site and assigned them work on-site.

29.     Upon information and belief, the staffing agency employees performed their work on-site using Defendants' equipment and supplies.

30.     The staffing agency employees performed work integral to Defendants' operation, including providing patient care and assistance, and it was the same work performed by Defendants' direct employees.

31.     Upon information and belief, Defendants orally reported the total hours worked by the staffing agency employees to Exclusive Nurse Staffing, Inc. by telephone at the end of every weekly pay period.

32.     Defendants paid Exclusive Nurse Staffing Inc. hourly rates based on the number of hours it reported that the staffing agency employees worked in a weekly pay period.

33.     Upon information and belief, Exclusive Nurse Staffing, Inc. then paid the staffing agency employees their wages based solely on the hours orally reported to it by Defendants.

34.     Although the staffing agency employees were allowed to take a 30 minute meal break, they also often had to work through their meal break or otherwise did not have at least 20 minutes of uninterrupted break time during their shifts as described in paragraphs 15 and 18.

35.     Upon information and belief, Defendants automatically deducted 30 minutes from each eight-hour shift from the staffing agency employees' total work hours that were reported to Exclusive Nursing Staffing, Inc. for meal breaks not actually taken or for meal breaks shorter than 20 minutes in length.

36.     The staffing agency employees also routinely began working before the start of their scheduled shifts and/or stopped working after the end of their scheduled shifts, often for up to several additional hours each week as described in paragraph 17.  Upon information and belief,

Defendants did not report these additional hours worked to Exclusive Nursing Staffing, Inc., even though it recorded these hours in its timekeeping system.

37.     Upon information and belief, there were no representatives from Exclusive Nurse Staffing, Inc. present at Regency Extended Care to supervise the staffing agency employees or to verify whether the total hours worked reported by Defendants each pay period were accurate.

38.     As a result of Defendants' practice of underreporting the total hours worked by at least eleven staffing agency employees, these employees were not properly compensated for work performed in workweeks longer than forty hours at a rate not less than one and one-half times the regular rate at which they were employed.

## Prior Investigations

39.     Regency Extended Care was previously investigated by the U.S. Department of Labor in two separate occasions in the last eleven years, with overtime violations found during each investigation due.  Defendants paid back wages to employees and promised to comply with the Act in the future.

40.     In each of these investigations, representatives of the Wage and Hour Division explained the principles of compliance with the recordkeeping and overtime requirements of the Act.

## FIRST CAUSE OF ACTION

### Violation of Sections 7(a) and 15(a)(2) of the FLSA, Failure to Pay Overtime

41.     The Secretary incorporates by reference and realleges the allegations in paragraphs 1 through 40.

42.     Defendants have willfully and repeatedly violated sections 7 and 15(a)(2) of the Act by employing their employees listed in Exhibit A in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than forty hours without

8

compensating the employees at a rate not less than one and one-half the regular rate at which they were employed.

43.    Defendants' actions as described herein have been willful, as Defendants have a history of violations of the Act.

44.    Accordingly, Defendants are liable for unpaid overtime compensation and an equal amount in liquidated damages pursuant to section 16(c) of the Act or, in the event liquidated damages are not awarded, unpaid overtime compensation and prejudgment interest on said unpaid overtime compensation under section 17 of the Act.

## SECOND CAUSE OF ACTION

### Violation of Sections 11(c) and 15(a)(5) of the FLSA, Recordkeeping

45.    The Secretary incorporates by reference and realleges the allegations in paragraphs 1 through 40.

46.    Defendants have willfully and repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that Defendants failed to make, keep, and/or preserve adequate and accurate records, including actual daily and weekly hours worked as prescribed by the regulations issued and found at 29 CFR Part 516.

47.    Defendants' actions as described herein have been willful, as Defendants have a history of violations of the Act.

## RELIEF REQUESTED

**WHEREFORE**, cause having been shown, Plaintiff respectfully prays for judgment against Defendants providing the following relief:

(1)     An injunction issued pursuant to section 17 of the Act permanently restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from violating the provisions of sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Act;

(2)     An order pursuant to section 16(c) of the Act finding Defendants liable for unpaid overtime compensation found due Defendants' employees listed on the attached Exhibit A;

(3)     An order pursuant to section 16(c) of the Act finding Defendants liable for an equal amount of liquidated damages (additional overtime compensation and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this Complaint); or in the event liquidated damages are not awarded, prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

(4)     An order compelling Defendants to reimburse the Secretary for the costs of this action; and

(5)    An order granting such other relief as the Court may deem necessary or appropriate.

DATED:          September 14, 2018
                New York, New York

                                         KATE S. O'SCANNLAIN
                                         Solicitor of Labor

                                         JEFFREY S. ROGOFF
                                         Regional Solicitor

                                         /s/ SUSAN B. JACOBS
                                         SUSAN B. JACOBS
                                         Senior Trial Attorney

                                         U.S. Department of Labor
                                         Office of the Solicitor
                                         201 Varick Street, Room 983
                                         New York, NY 10014
                                         Tel: 646-264-3664
                                         Fax: 646-264-3660
                                         Jacobs.Susan@dol.gov
                                         NY-SOL-ECF@dol.gov

                                         Attorneys for R. Alexander Acosta
                                         Secretary of Labor, Plaintiff

11

**EXHIBIT A**

REGENCY EXTENDED CARE

DENEISHA        ADDISON
PATRICIA        ADDISON
CHRISTY         AKANNI
ADEBAYO         AKINOLA
CHARLOTTE       ALLEN
ANGELA          AMOAKO
CASSANDRA       ANDERSON
PRISCILLA       ANTOH
VERONA          BARRETT
WILNA           BONTE (Lodvil)
MYRTLE          BRITTON
JENNIFER        BROWN
STEPHANIE       CARR
HELENA          CONFEITEIRO
BROOKE          CRAWFORD
CHARMAINE       CRUZ
MARGARET        DALEY
SABINE          DAMEUS
EBONY           DAVIS
NICOLE          DAVIS
MARJORIE        DAYE
MARIA           DE GRACIA
ANDRENE         DOLPHY
DIANNE          FRECKLETON
HILARION        GABRIEL
RITA            GADAHAR
PAULETTE        GRAHAM
CORALEE         GREEN
PAULETTE        GUEST
DERBY           GUILLAUME
EPEFANIA        HALL
CAROL           HARRIOT
LORRAINE        HUGIE
LILA            JEANTY
DOROTHY         JOHNSON-PEARSON
MOXON           JOHNSON-SILVERA
MARIAMA         KAMARA
PAMELA          KARGBO
BOSOMPIM        KUSI
G               LEGER-LUCTAMAR

A-1

| | |
|---|---|
| LORNA | LILLY |
| IRIS | LOUIS |
| ANGELIA | MARSH |
| PETRINA | MCCRAY |
| JOYCE | MCFADDEN |
| AUDREY | MCKINSON-REID |
| MONIQUE | MERTELUS |
| MARIEL | MONJE |
| MAUREEN | PATRICK |
| ZORAIDA | PELLICER |
| ZAHIDA | PERVEEN |
| ROSE | PIERRE |
| JESUSLA | POLO |
| ROSEMARIE | QUIAMBAO |
| ELVIRA | REGISTE |
| ANGILEETH | ROBINSON |
| DENISE | ROMERO |
| JUAN | SANTANA |
| JOSEPHINE | SIEH |
| JACQUELINE | SMITH |
| JULIET | SOWKEY |
| NADIRA | SOWKEY |
| THERESA | SZKOLNICKI |
| PRINCE | TAWIAH-AGGOR |
| MARILYN | TRAUB |
| JIVENA | VEUS |
| CHRISTINE | WALKER |
| ISOLA | WALKER |
| KAREN | WALKER |
| CESELYN | WEBSTER |
| DION | WILKERSON |
| JINDAWAN | WONGWIWAT |

STAFFING AGENCY EMPLOYEES

| | |
|---|---|
| ADELAIDE | BREFO |
| ANDREA | JONES |
| ANECIA | MANAIZA |
| ARIAGNA | ANTIGUA |
| BARAK | HATCH |
| HUMU | SAKIB |
| IVAN | VVUBYA |
| NANCY | KODUA |
| NWEGO | OSITA |