UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

R. ALEXANDER ACOSTA, Secretary of Labor,
United States Department of Labor,

    Plaintiff,

v.

HUDSON VIEW CARE CENTER, INC. d/b/a
REGENCY EXTENDED CARE CENTER and
MICHAEL MELNICKE, individually,

    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/25/18

**CONSENT JUDGMENT**

Civil Action No. 18- 08389

Plaintiff, R. ALEXANDER ACOSTA, the Secretary of Labor, has filed his Complaint and Defendants HUDSON VIEW CARE CENTER, INC. D/B/A REGENCY CARE CENTER and MICHAEL MELNICKE ("Defendants") appeared by Counsel and agree to the entry of the Consent Judgment without contest. By executing this Consent Judgment, Defendants waive formal service of process of the summons and complaint. Defendants acknowledge that they have notice of, and understand, the provisions of this Consent Judgment, and acknowledge their responsibilities pursuant to this Consent Judgment, and acknowledge that they will be subject to sanctions in contempt of this Court and may be subject to punitive damages if they fail to comply with the provisions of this Consent Judgment.

Whereas the Secretary agrees that the payment of Civil Money Penalties in the amount of $20,000 resolves any and all claims relating to the assessment of Civil Money Penalties issued on May 31, 2018;

Whereas the Secretary does not allege and has not found that Defendants violated section 15(a)(3) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.) in this

1

matter;

It is, therefore, upon motion of the attorneys for Plaintiff and for cause shown ORDERED that:

1. Defendants, their officers, employees, agents, and all persons acting or claiming to act in Defendants' behalf and interest, be, and hereby are, permanently enjoined and restrained from violating the provisions of sections 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.) ("the Act"), in any of the following manners:

   (1) Defendants shall not, contrary to section 7 of the Act, employ any of their non-exempt employees in any workweek for workweeks longer than the hours now, or which in the future become, applicable under sections 7 and 15(a)(2) of the Act, unless the employees receive compensation for their employment in excess of the prescribed hours at rates not less than one and one-half times the employees' regular rates.

   (2) Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the Regulations issued pursuant to section 11(c) of the Act and found at 29 C.F.R. Part 516.

   (3) Defendants shall not discharge or take any retaliatory action against any employee because the employee engages in, or is believed to have engaged in, any of the following activities:

      a. Discloses, protests, or threatens to disclose or protest to a supervisor or to a public agency any activity, policy, or practice of Defendants or another

2

    employer with whom there is a business relationship, that the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act;

  b. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act, or a rule or regulation promulgated pursuant to the Act, by Defendants or another employer with whom there is a business relationship; or

  c. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act.

II. Further, the Court finding that unpaid overtime back wages are owed and shall be paid to the employees listed on Exhibits A and B, to be filed by Supplemental Judgment within 30 days of the date of entry of this Consent Judgment, in the amount of $182,500, plus an equal additional amount of liquidated damages of $182,500, and that the parties have agreed to Civil Money Penalties in the amount of $20,000, for a total amount of $385,000, it is:

ORDERED that Defendants and all persons acting on their behalf are enjoined and restrained from withholding the payment of $182,500 in unpaid overtime back wages due Defendants' employees listed in Exhibits A and B to be filed by Supplemental Judgment within 30 days of the date of entry of this Consent Judgment. Further, Defendants shall pay a total of $182,500 in liquidated damages wages due Defendants' employees listed in Exhibits A and B and $20,000 in Civil Money Penalties for recordkeeping and overtime violations of the Act. These payments shall be made by Defendants in accordance with Paragraph III of this Consent Judgment.

III. Payment in the total amount of $385,000 for back wages, liquidated damages and Civil Money Penalties shall be made by Defendants on or before September 28, 2018 either electronically on the website www.pay.gov or by cashier or certified checks.

A. For electronic payment of the back wages and liquidated damages totaling $365,000, Defendants shall follow the following instructions:

1. Go to www.pay.gov and click on the "Find an Agency" tab, then click on the letter "L" and then click on "Labor (DOL): Wage and Hour Division (WHD)."

2. Click on the "Continue to the Form" tab under "**WHD Back Wage Payment Form – Northeast Region**".

3. Click on "Continue the Form" and complete the required fields. For "BW Case Number" enter "1816628". The "Date of Assessment" is **September 28, 2018**.

B. For electronic payment of the Civil Money Penalties totaling $20,000, Defendants shall follow the following instructions:

1. Go to www.pay.gov and click on the "Find an Agency" tab, then click on the letter "L" and then click on "Labor (DOL): Wage and Hour Division (WHD)."

2. Scroll down and click on the "Continue to the Form" tab under "**WHD Civil Money Payment Form – Northeast Region**".

3. Click on "Continue the Form" and complete the required fields. For "CMP Case Number" enter "1816628". The "Date of Assessment" is **September 28, 2018**.

C. In the alternative, Defendants may pay the back wages and liquidated damages totaling $365,000 by delivering a cashier or certified check on or before **September 28, 2018** made payable to "Wage and Hour Division - Labor" with delivery tracking information to:

U.S. Department of Labor
Wage and Hour Division

4

The Curtis Center, Suite 850 West
170 S. Independence Mall West
Philadelphia, PA 19106
Attn: Linda Estacio

"Case No. 1816628" must be written on the face of the check. A copy of the cover letter and check should be sent to:

Denise Fernandez, Assistant District Director
U.S. Department of Labor, Wage and Hour Division
140 Grand Street, Suite 304
White Plains, NY 10601

D. Defendants may also pay the Civil Money Penalty totaling $20,000 by delivering a cashier or certified check made payable to "Wage and Hour Division - Labor" with delivery tracking information to:

U.S. Department of Labor
Wage and Hour Division
The Curtis Center, Suite 850 West
170 S. Independence Mall West
Philadelphia, PA 19106
Attn: Linda Estacio

"Civil Money Penalties" and "Case No. 1816628" must be written on the face of the check. A copy of the cover letter and check should also be sent to:

Denise Fernandez, Assistant District Director
U.S. Department of Labor, Wage and Hour Division
140 Grand Street, Suite 304
White Plains, NY 10601

IV. The Secretary shall distribute Defendants' payments for unpaid overtime compensation and liquidated damages less any legal deductions to the former and current employees, or to their estates, as set forth in Exhibits A and B. Any amounts of unpaid overtime compensation and liquidated damages not distributed within a period of three years from the date of receipt shall, pursuant to section 16(c) of the Act, be covered into the Treasury of the United

5

States as miscellaneous receipts. Defendants remain responsible for paying the employer's share of FICA any similar applicable taxes to the appropriate state and federal revenue authorities.

V. Neither Defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid as back wages and liquidated damages under this Consent Judgment.

VI. Defendants shall assist the Plaintiff in the distribution of the back wages and liquidated damages due by providing upon request the last known addresses and social security numbers of their employees and former employees listed in Exhibit A and B to be paid.

VII. If Defendants fail to make the payments as set forth in Paragraph III then, upon notice to Defendants, the Court shall appoint a Receiver to effectuate all of the payment terms of this Consent Judgment. In the event a Receiver is appointed, it is ORDERED that:

(1) Defendants shall cooperate with the Receiver in all respects, and shall provide to the Receiver any and all reasonable information which the Receiver may require to carry out its appointment and in accordance with the authority given to the Receiver pursuant to applicable law at the time of appointment.

(2) All the expenses of the accountant or Receiver shall be borne solely by Defendants.

(3) The Receiver shall serve only until the monetary terms of Paragraph III of this Consent Judgment are satisfied.

(4) The Receiver shall have full authority to: collect Defendants' assets and report his/her findings to the Court and the parties; to redeem and/or liquidate Defendants' assets and turn over the proceeds to the Secretary; if the asset is a debt that is due, collect it and turn over the proceeds to the Secretary; to analyze all indebtedness and where deemed appropriate seek restructuring; to analyze all transfers of

Defendants' assets; to prevent waste or fraud; and to do all acts and take all measures necessary or proper for the efficient performance of the duties under this Consent Judgment.

VIII. Neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees not listed in Exhibits A and B of this Consent Judgment, be they current or former employees, to file any action against Defendants under section 16(b) of the Act or likewise for any current or former employee listed in Exhibit A of this Consent Judgment to file any action against Defendants under section 16(b) of the Act for violations alleged to have occurred after April 8, 2017 or for any current or former employee listed in Exhibit B of this Consent Judgment to file any action against Defendants under section 16(b) of the Act for violations alleged to have occurred after February 10, 2018.

7

IX. Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

DATED: 9/25, 2018

WHITE PLAINS, NY

SO ORDERED:

_____
HONORABLE VINCENT L. BRICCETTI
UNITED STATES DISTRICT JUDGE

Defendants appeared by the undersigned counsel
and the entry of this
Judgment is hereby consented to
by Defendants.

BY: _____
MICHAEL MELNICKE, Individually

_____
HUDSON VIEW CARE CENTER, INC.
By: MICHAEL MELNICKE, Chief Executive Officer

_____
DENNIS LALLI, ESQ.
Attorney for Defendants

8

STATE OF NEW YORK )
                              :SS:
COUNTY OF Kings )

On the 20 day of September 2018 before me came MICHAEL MELNICKE, to me known, who, being by me duly sworn, did depose and say that he is a duly authorized officer of HUDSON VIEW CARE CENTER, INC. D/B/A REGENCY EXTENDED CARE CENTER, described in and which executed the foregoing instrument, that he signed his name thereto by like order.

MINDY GLUCK
Notary Public, State of New York
No. 01GL6336906
Qualified in Kings County
Commission Expires February 16, 20 20

_____
NOTARY PUBLIC

STATE OF NEW YORK )
                              :SS:
COUNTY OF Kings )

On the 20 day of September, 2018 before me came MICHAEL MELNICKE, to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

MINDY GLUCK
Notary Public, State of New York
No. 01GL6336906
Qualified in Kings County
Commission Expires February 16, 20 20

_____
NOTARY PUBLIC

9